**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RAYMOND WARREN PERRY, II,
Plaintiff-Appellant,

v.

No. 97-7872

G. R. WHITE; MCDOWELL, Mr.;
PERRY STRICKLAND, Chairman,
Darlington County Council,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
David C. Norton, District Judge.
(CA-95-3309-3-18BC)

Submitted: December 15, 1998

Decided: February 12, 1999

Before NIEMEYER and TRAXLER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Raymond Warren Perry, II, Appellant Pro Se. Robert Thomas King,
WILLCOX, MCLEOD, BUYCK & WILLIAMS, P.A., Florence,
South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Raymond Warren Perry, II, appeals from the district court's grant of summary judgment in favor of the Defendants in his 42 U.S.C.A. § 1983 (West Supp. 1998) claim alleging unconstitutional conditions of confinement, deliberate indifference to serious medical needs, and denial of access to the courts. We affirm in part, and vacate and remand in part.

This Court reviews a grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences are to be drawn in favor of the non-moving party. See Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980).

We have reviewed the record and the district court order and find no reversible error as to Perry's access to the courts claim. Accordingly, we affirm the grant of summary judgment as to that claim on the reasoning of the district court. See Perry v. White, No. CA-95-3309-3-18BC (D.S.C. Nov. 26, 1997).*

Addressing Perry's conditions of confinement claim, to survive the

_____

*Although the district court's order of judgment is marked as "filed" on November 25, 1997, the district court's records show that it was entered on the docket sheet on November 26, 1997. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

Defendants' motion for summary judgment, Perry must demonstrate conditions which are so objectively serious that they violate contemporary standards of decency, that the Defendants knew the conditions existed, and that he suffered a serious or significant physical or emotional injury as a result. See Rhodes v. Chapman , 452 U.S. 337, 346 (1981); Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). Our review of the record under the previously articulated summary judgment standard leads us to conclude that Perry has demonstrated a genuine issue as to each of these elements. Accordingly, we vacate the district court's grant of summary judgment as to this claim and remand this portion of the appeal to the district court.

Finally, turning to Perry's deliberate indifference claim, we note that Perry is not attacking the judgment of his treating physician, but rather is asserting that the correctional center at which he was detained was so understaffed in both medical and other personnel that it could not carry out the physician's directives as to the mental treatment Perry should receive, and that the Defendants were aware of this problem as well as Perry's suicidal tendencies and need for mental health treatment. Because we do not believe that this claim was considered below, we also vacate the district court's grant of summary judgment as to this claim and remand this portion of the appeal to the district court for further consideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART

3